## Pittsburg Brewing Company's License.

*Liquor law—Remonstrance—Res adjudicata.*

The fact that there has been the same applicant for a license and the same remonstrant against the license in two successive years, does not make the decision granting the license in the first year res adjudicata as to the application for the second year.

*Liquor law—Brewing company—Separate licenses.*

The legislature may delegate the power to the courts of quarter sessions of the several counties of the commonwealth to grant more than one license to the same brewing company for separate and distinct breweries.

*Liquor law—Brewing companies—Acts of June 9, 1891, P. L. 257, and July 30, 1897, P. L. 464.*

Under the Acts of June 9, 1891 and July 30, 1897, the court of quarter sessions may grant more than one license to the same brewing company for separate and distinct licenses.

Argued Oct. 17, 1900. Appeal, No. 7, April T., 1901, by Lyman E. Davis, from order of Q. S. Allegheny Co., March T., 1900, No. 5, granting a brewer's license, in the application of the Pittsburg Brewing Company. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W D. PORTER, JJ. Affirmed.

Petition for a brewer's license.

From the record it appeared that at the March sessions, 1899, the court granted to the Pittsburg Brewing Company twelve brewer's licenses. Against each application Lyman E. Davis filed a remonstrance. At the March sessions in 1900, the Pittsburg Brewing Company again applied for twelve brewer's licenses, and Lyman E. Davis renewed his remonstrance. The question involved was whether the court of quarter sessions had authority to grant several brewer's licenses to one company.

The court in an opinion by McCLUNG, J., granted the licenses.

*Error assigned* was the order of the court.

*John Marron*, of *Marron & McGirr*, for appellant.—The jurisdiction vested in the judges of the court of quarter sessions to grant liquor licenses, and under certain circumstances to transfer them is purely statutory: Laib & Co. v. The Judges, 163 Pa. 481; Pollard's Petition, 127 Pa. 507; Johnson's License, 156 Pa. 322; Genias's License, 169 Pa. 43.

The power of the court below to grant a brewer's license was given, regulated and limited by the Act of June 9, 1891, P. L. 257, and the plain language and intent of that statute provides for the grant of a single license to the same individual or corporation in the same county: Pittsburg Brewing Co.'s Brewer's License, 12 Pa. Superior Ct. 176; Com. v. DeCamp, 177 Pa. 112.

*D. T. Watson*, with him *Charles A. Fagan*, for appellee.—The question raised by the appellant as to the power of the court of quarter sessions of Allegheny county to grant to the Pittsburg Brewing Company more than one license for the manufacture of beer is res adjudicata: Durant v. Essex Company, 7 Wallace, 107.

The settled and continued practice and uniform decisions of all the courts in Pennsylvania since the acts of 1891 and 1897, regulating the granting of licenses to brewers were passed, should, of itself, even apart from the doctrine of res adjudicata, settle the question.

Aside from decided cases, the proper construction of the

different acts of assembly plainly vests the power in the court of quarter sessions to grant several licenses to one person for several breweries : Consumers' Brewing Co.'s Licenses, 7 Pa. Dist. Rep. 193; Com. v. Kohnle Brewing Co., 1 Pa. Superior Ct. 627.

OPINION BY BEAVER, J., January 22, 1901:

A case in all essential respects similar to the present was before us last year in Pittsburg Brewing Company's Brewers' License, 12 Pa. Superior Ct. 176. Because of the fact that the applicant and remonstrant were the same, and the questions involved practically similar, the appellee here argues that the case before us is res adjudicata, and much stress is laid upon this phase of the case. The case above referred to, however, was for a license for the year 1899, and for one year only. The present case is for a license for the year 1900. The adjudication in the one case cannot govern in the other, the subject-matter being in an important sense different, and the right or privilege sought to be acquired being separate and distinct from that granted in the former case. The appellant undoubtedly had the same right under the law to file his remonstrance to the application of the appellee for its license in 1900 as he had in 1899. He is not estopped from doing so, by reason of the decision of the court against him in the previous case, nor from being heard on appeal.

No useful purpose is to be subserved by a further discussion of the main question here involved, inasmuch as the views of this court were fully set forth in the case above referred to. There is no denial of the right of the legislature to delegate the power to the courts of quarter sessions of the several counties of the commonwealth to grant more than one license to the same brewing company for separate and distinct breweries. The only question before us, is whether or not the legislature did delegate such power by the Acts of June 9, 1891, P. L. 257, and July 30, 1897, P. L. 464.

The case has been argued with great zeal and ability on both sides, and, in view of the arguments presented, we have reexamined the grounds upon which our former decision rested, and, after a full consideration of the whole subject, as presented in the opinions filed in the former case and by the arguments

of counsel for both sides, the majority of this court is of the opinion that the conclusion reached in the former case should govern in this, and that the order of the court below should stand affirmed.

RICE, P. J., and ORLADY, J., dissented.